TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA,<br><br>    Plaintiff,<br><br>v.<br><br>DEB HAALAND, Secretary of the Interior, *et al.*,<br><br>    Defendants. | No. 3:24-cv-161-SLG<br>Honorable Sharon L. Gleason<br><br>**DEFENDANTS' ANSWER** |

Defendants Deb Haaland, in her official capacity as the Secretary of the Interior; U.S. Department of the Interior; Tracy Stone-Manning, in her official capacity as Director of the U.S. Bureau of Land Management ("BLM"); and BLM (collectively, "Defendants"), through counsel, answer the Complaint filed in this case, ECF No. 1, as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include

1

substantive legal or factual allegations, Defendants deny those allegations. Defendants deny each and every allegation in the Complaint that is not specifically admitted in this Answer.

## INTRODUCTION

1. The allegations in Paragraph 1 are characterizations of Plaintiff's claims in this case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. Defendants admit the allegations in first three sentences of Paragraph 2. The allegations in the fourth sentence of Paragraph 2 are vague and ambiguous; therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations and deny them on that basis.

3. The allegations in Paragraph 3 characterize the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.*, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

4. The allegations in Paragraph 4 characterize FLPMA and court decisions interpreting FLPMA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decisions, they are denied.

5. The allegations in Paragraph 5 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

6. The allegations in Paragraph 6 characterize FLPMA and a court decision interpreting FLPMA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decision, they are denied.

7. The allegations in Paragraph 7 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

8. The allegations in Paragraph 8 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

9. The allegations in Paragraph 9 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

10. The allegations in Paragraph 10 characterize the Alaska National Interest Lands Conservation Act ("ANILCA"), Pub. L. No. 96-487, 94 Stat. 2371 (1980), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

11. The allegations in Paragraph 11 characterize ANILCA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

12. The allegations in Paragraph 12 characterize ANILCA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

13. The allegations in Paragraph 13 characterize ANILCA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

14. The allegations in Paragraph 14 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

15. The allegations in Paragraph 15 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

16. The allegations in Paragraph 16 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

17. The allegations in Paragraph 17 characterize the Conservation and Landscape Health Final Rule, 89 Fed. Reg. 40,308 (May 9, 2024) ("Public Lands Rule" or "Rule"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. The allegations in Paragraph 20 are conclusions of law, to which no response is required; to the extent a response may be required, the allegations are denied.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in the first and third sentences of Paragraph 22. The allegations in the second sentence of Paragraph 22 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

23. The allegations in Paragraph 23 are conclusions of law, to which no response is required; to the extent a response may be required, the allegations are denied.

24. Defendants deny the allegations in Paragraph 24.

25. The allegations in Paragraph 25 are characterizations of Plaintiff's claims in this case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

26. The allegations in Paragraph 26 are conclusions of law, to which no response is required; to the extent a response may be required, the allegations are denied.

27. The allegations in Paragraph 27 are conclusions of law, to which no response is required; to the extent a response may be required, the allegations are denied.

28. Defendants admit the allegation in Paragraph 28 that the Public Lands Rule became effective on June 10, 2024. The remaining allegations in Paragraph 28 are conclusions of law, to which no response is required; to the extent a response may be required, the allegations are denied.

29. The allegations in Paragraph 29 are conclusions of law, to which no response is required; to the extent a response may be required, the allegations are denied.

## PARTIES

30. Defendants admit the allegations in Paragraph 30.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32.

33. Defendants admit that the Public Lands Rule states that it was promulgated by BLM and deny the remaining allegations in the first sentence of Paragraph 33. Defendants admit the allegation in the third sentence of Paragraph 33 that BLM will be responsible for the implementation, administration, and enforcement of the Rule. The remaining allegations in Paragraph 33 are characterizations of Plaintiffs' claims in this case, to which no response is required; to the extent a response may be required, the allegations are denied.

34. Defendants admit that the State of Alaska is a State of the United States of America. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 34, and therefore they are denied. The allegations in the second sentence of Paragraph 34 characterize the Alaska Constitution, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Alaska Constitution, they are denied

35. The allegations in Paragraph 35 are characterizations of Plaintiffs case, to which no response is required; to the extent a response may be required, the allegations are denied.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

## CLAIMS FOR RELIEF

41. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

42. The allegations in the first sentence of Paragraph 42 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied. Defendants deny the allegations in the second and third sentences of Paragraph 42.

43. Defendants deny the allegations in the first sentence of Paragraph 43. The allegations in the second sentence of Paragraph 43 are conclusions of law, to which no response is required; to the extend a response may be required, Defendants deny the allegations.

44. Defendants deny the allegations in Paragraph 44.

45. The allegations in Paragraph 45 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

46. Defendants deny the allegations in the first, second, and fourth sentences of Paragraph 46. The allegations in the third sentence of Paragraph 46 characterize the

Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

47. Defendants deny the allegations in the first sentence of Paragraph 47. The remaining allegations in Paragraph 47 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

48. Defendants deny the allegations in the first sentence of Paragraph 48. The allegations in the second and third sentences of Paragraph 48 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

49. Defendants deny the allegations in the first, second, third, and fourth sentences of Paragraph 49. The allegations in the fifth sentence are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

50. The allegations in Paragraph 50 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

51. The allegations in Paragraph 51 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

52. Defendants deny the allegations in Paragraph 52.

53. The allegations in Paragraph 53 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

54. The allegations in the first sentence of Paragraph 54 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 54 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

55. Defendants deny the allegations in Paragraph 55.

56. The allegations in Paragraph 56 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegation in the first sentence of Paragraph 58 that the Public Lands Rule is unlawful. The remaining allegations in the first sentence of Paragraph 58 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied. Defendants deny the allegations in the second sentence of Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. The allegations in the first, second, and third sentences of Paragraph 61 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its

content; to the extent the allegations are inconsistent with the Rule, they are denied. Defendants deny the allegations in the fourth sentence of Paragraph 61.

62. The allegations in the first sentence of Paragraph 62 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied. Defendants deny the allegations in the second sentence of Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in the first sentence of Paragraph 66. The allegations in the second sentence of Paragraph 66 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in the first sentence of Paragraph 68. The remaining allegations in Paragraph 68 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

69. The allegations in Paragraph 69 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

70. The allegations in the first and third sentences of Paragraph 70 characterize BLM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied. Defendants admit the allegation in the second sentence of Paragraph 70 that the regulatory definition at 43 C.F.R. § 3802.0-5(l) was promulgated in 1980. The remaining allegations in the second sentence of Paragraph 70 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in the first sentence of Paragraph 72. The allegations in the second sentence of Paragraph 72 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

73. Defendants deny the allegations in the first and fourth sentences of Paragraph 73. The allegations in the second sentence of Paragraph 73 characterize the Conservation and Landscape Health Proposed Rule, 88 Fed. Reg. 19,583 (Apr. 3, 2023) ("Proposed Public Lands Rule"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Proposed Rule, they are denied. Defendants admit the allegations in the third sentence of Paragraph 73.

74. The allegations in the first sentence of Paragraph 74 characterize the Proposed Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Proposed Rule, they are

denied. The allegations in the second sentence of Paragraph 74 are conclusions of law, to which not response is required; to the extent a response may be required, Defendants deny the allegations.

75. Defendants deny the allegations in Paragraph 75.

76. The allegations in Paragraph 76 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

77. The allegations in the first and second sentences of Paragraph 77 characterize BLM's planning regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied. Defendants admit the allegation in the third sentence of Paragraph 77 that 43 C.F.R. §§ 1601.0-5(a), 1610.7-2 have been in place since 1983. The remaining allegations in the third sentence of Paragraph 77 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

78. The allegations in the first sentence of Paragraph 78 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied. Defendants deny the allegations in the second sentence of Paragraph 78.

79. The allegations in Paragraph 79 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

80. The allegations in the first and second sentences of Paragraph 80 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied. The allegations in the third sentence of Paragraph 80 characterize the Public Lands Rule and other BLM regulations, which speaks for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Rule and referenced regulations, they are denied. Defendants deny any violation of NEPA.

81. Defendants admit the allegations in the first sentence of Paragraph 81. The allegations in the second and third sentences of Paragraph 81 characterize FLPMA and BLM's planning regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied. Defendants deny the allegations in the fourth sentence of Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in the first and fourth sentences of Paragraph 83. The allegations in the second and third sentences of Paragraph 83 characterize ANILCA, which speak for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

84. Defendants deny the allegations in the first, second, fourth, and fifth sentences of Paragraph 84. The allegations in the third sentence of Paragraph 84 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

85. Defendants deny the allegations in Paragraph 85.

86. The allegations in the first sentence of Paragraph 86 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied. Defendants deny the allegations in the second sentence of Paragraph 86.

87. Defendants deny the allegations in the first sentence of Paragraph 87. The allegations in the second and third sentences of Paragraph 87 characterize BLM guidance regarding areas of critical environmental concern ("ACEC"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced guidance, they are denied.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

90. Defendants deny the allegations in the first sentence of Paragraph 90. The allegations in the second sentence of Paragraph 90 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants admit the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in the first sentence of Paragraph 97. The allegations in the second and third sentence of Paragraph 97 characterize Section 2002 of the Omnibus Public Land Management Act of 2009, 16 U.S.C. § 7202, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

98. The allegations in Paragraph 98 are conclusions of law to which no response is required; to the extent a response may be required, Defendants deny the allegations.

99. The allegations in Paragraph 99 characterize a court decision, which speaks for itself and is the best evidence of its; to the extent the allegations are inconsistent with the referenced court decision, they are denied.

100. The allegations in Paragraph 100 characterize a court decision, which speaks for itself and is the best evidence of its; to the extent the allegations are inconsistent with the referenced court decision, they are denied.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

103. The allegations in Paragraph 103 characterize ANILCA, which speak for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

104. The allegations in Paragraph 104 characterize ANILCA, which speak for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

105. The allegations in Paragraph 105 characterize ANILCA, which speak for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

106. The allegations in Paragraph 106 characterize ANILCA, which speak for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

107. The allegations in Paragraph 107 characterize ANILCA, which speak for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in the first sentence of Paragraph 109. The allegations in the second sentence of Paragraph 109 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants admit the allegations in the first sentence of Paragraph 113. Defendants admit the allegation that BLM relied on a categorical exclusion in 43 C.F.R. § 46.210(i) for purposes of NEPA compliance in issuing the Rule and deny the remaining allegations in the second sentence of Paragraph 113. Defendants deny the allegations in the third sentence of Paragraph 113.

114. The allegations in Paragraph 114 characterize BLM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

115. The allegations in the first sentence of Paragraph 115 characterize the preamble to the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the preamble, they are denied. Defendants deny the allegations in the second and third sentences of Paragraph 115.

116. Defendants admit the allegation in the first sentence of Paragraph 116 that BLM asserted that none of the extraordinary circumstances in the U.S. Department of the Interior's regulations at 43 C.F.R § 46.215 precluded the use of a categorical exclusion for the issuance of the Public Lands Rule. Defendants deny the remaining allegations in Paragraph 116.

117. The allegations in Paragraph 117 characterize Council on Environmental Quality ("CEQ") regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in the first sentence of Paragraph 119. The allegations in the second sentence of Paragraph 119 characterize the U.S. Department of the Interior's regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

120. Defendants deny the allegations in the first sentence of Paragraph 120. Defendants admit the allegations in the second sentence of Paragraph 120.

121. Defendants admit the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response may be required, Defendants deny that Plaintiff is entitled to the relief sought or to any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny any allegations of Plaintiff's Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The court lacks jurisdiction over one or more of Plaintiff's claims.
2. Plaintiff lacks standing to pursue one or more of their claims.
3. One or more of Plaintiff's claims are not ripe.

4. Plaintiff has failed to state a claim for which relief can be granted as to one or more of its claims.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 27th day of September 2024.

        TODD KIM
        Assistant Attorney General
        Environment & Natural Resources Division
        United States Department of Justice

        */s/ Luther L. Hajek*
        LUTHER L. HAJEK (CO Bar # 44303)
        Trial Attorney
        United States Department of Justice
        Environment and Natural Resources Division
        999 18th Street
        South Terrace – Suite 370
        Denver, CO 80202
        Tel: (303) 844-1376 / Fax: (303) 844-1350
        luke.hajek@usdoj.gov

        *Counsel for Defendants*