TREG TAYLOR
ATTORNEY GENERAL
Ronald W. Opsahl (Alaska Bar No. 2108081)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5232
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov

DORSEY & WHITNEY, LLP
Norman D. James (AZ Bar No. 006901)
2325 Camelback Road, Suite 300
Phoenix, Arizona 85016
Phone: (602) 735-2700
Facsimile: (602) 508-6099
Email: james.norman@dorsey.com
    (*admitted pro hac vice*)

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA,<br><br>    Plaintiff,<br><br>v.<br><br>DEB HAALAND, in her official capacity as Secretary of the Interior, *et al.*,<br><br>    Defendants, | Case No. 3:24-cv-00161-SLG<br><br>**PLAINTIFF'S JOINT OPPOSITION TO MOTIONS TO INTERVENE** |

# PLAINTIFF'S JOINT OPPOSITION TO MOTIONS TO INTERVENE

## I.  INTRODUCTION

Plaintiff State of Alaska ("State") files this combined opposition to the motions to intervene filed by Conservation Lands Foundation and the Wilderness Society (Docket 15), and by Northern Alaska Environmental Center, Alaska Wilderness League, Badlands Conservation Alliance, Center for Biological Diversity, Citizens for a Healthy Community, Diné Citizens Against Ruining Our Environment, San Juan Citizens Alliance, Sierra Club, and WildEarth Guardians (Docket 18) (collectively "Proposed Intervenors").  The State requests that the Court deny the motions.  As explained below, the Proposed Intervenors' interests are adequately represented by the Federal Defendants.  In the alternative, the State requests that the Court impose reasonable restrictions on the Proposed Intervenors' participation.

## II.  ARGUMENT

The Proposed Intervenors acknowledge that they are aligned with the Federal Defendants in these proceedings and are intervening to defend the challenged agency rule. Ninth-Circuit case law precludes intervention of right because they fail to satisfy the required "very strong showing" that the Federal Defendants will not adequately represent them.  Moreover, permissive intervention is inappropriate because Proposed Intervenors are adequately represented, will present duplicative arguments, and will complicate these proceedings with added time, expense and extraneous issues.  If the Court grants intervention, it should exercise its discretion to impose reasonable restrictions on the

Case No. 3:24-cv-00161, *State of Alaska v. Haaland*
Plaintiff's Joint Opposition to Motions to Intervene
2 of 10
4888-9365-0415\2

Case 3:24-cv-00161-SLG   Document 35   Filed 10/14/24   Page 2 of 10

Proposed Intervenors' participation that will limit the added time, expense, and complication that Proposed Intervenors' participation will cause.

### A. Proposed Intervenors Are Adequately Represented and Accordingly Are Not Entitled to Intervention of Right.

To intervene as of right under Rule 24(a), "the applicant's interest must not be adequately represented by existing parties."[1] Ninth-Circuit case law states that "a presumption of adequate representation generally arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee."[2] When the government and proposed intervenor share litigation objectives, the intervenor may only overcome the presumption of adequate representation "with a *very compelling showing*."[3] To satisfy this "very compelling showing," the proposed intervenor "must demonstrate a *likelihood* that the government will abandon or concede a potentially meritorious reading of the statute."[4]

---

[1] Fed. R. Civ. P. 24(a)(2).

[2] *See Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) ("When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises.").

[3] *Nw. Envtl. Advocates v. United States DOC*, 769 F. App'x 511, 513 (9th Cir. 2019) (emphasis added).

[4] *State ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006) (emphasis added).

Case No. 3:24-cv-00161, *State of Alaska v. Haaland*
Plaintiff's Joint Opposition to Motions to Intervene
3 of 10

Case 3:24-cv-00161-SLG   Document 35   Filed 10/14/24   Page 3 of 10

Here, the Proposed Intervenors admit that their positions align with those of the government.[5] The Proposed Intervenors admit that any divergence in interests is purely conjectural.[6] Consequently, the Proposed Intervenors fail to establish "a *likelihood* that the government will abandon or concede a potentially meritorious reading of the statute." *State ex rel. Lockyer*, 450 F.3d at 444. Unsurprisingly, Ninth-Circuit jurisprudence is replete with cases rejecting of-right intervention under similar circumstances.[7] This court should likewise deny of-right intervention here, where the Proposed Intervenors' interests

---

[5] *See* Docket 15 at 12 (stating that the Proposed Intervenors "presumably share the same ultimate objective of defending the Public Lands Rule"); Docket 18 at 22 (stating that the Proposed Intervenors "presently have a shared goal of upholding the Rule").

[6] *See* Docket 15 at 12 (arguing that the Federal Defendants "*may* not adequately represent" Proposed Intervenors' interests); Docket 18 at 22 (stating that Proposed Intervenors "will *potentially* offer different arguments" than the Federal Defendants).

[7] *See, e.g.*, *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (affirming denial of intervention because existing parties were "capable of developing a complete factual record encompassing [the proposed intervenor's] interests," the participation of the intervenor "in all probability would consume additional time and resources of both the Court and the parties that have a direct stake in the outcome of these proceedings," and "the delay occasioned by intervention outweighed the value added by the [intervenor]'s participation in the suit"); *Prete v. Bradbury*, 438 F.3d 949, 957–59 (9th Cir. 2006) (finding the trial court erred in granting labor union's motion to intervene as of right because the state government adequately represented the labor union's interest when it shared the same objective, to uphold the validity of a ballot measure); *Nooksack Indian Tribe v. Zinke*, 321 F.R.D. 377, 381–82 (W.D. Wash. 2017) (denying of-right intervention because the purported intervenors failed "to point to specific and distinct differences in interests" and without more than conclusory allegations that there will be inadequate representation, Intervenors have not demonstrated compelling reasons to overcome the presumption that federal Defendants adequately represent them"); *SurvJustice Inc. v. Devos*, No. 18-cv-00535-JSC, 2019 U.S. Dist. LEXIS 54613, at *19–20 (N.D. Cal. Mar. 29, 2019) (denying of-right intervention because the "ultimate purpose" of the prospective intervenors was the same as existing parties).

Case No. 3:24-cv-00161, *State of Alaska v. Haaland*
Plaintiff's Joint Opposition to Motions to Intervene
4 of 10

Case 3:24-cv-00161-SLG   Document 35   Filed 10/14/24   Page 4 of 10

are aligned with the Federal Defendants and have provided only conclusory assertions regarding their need to participate in this lawsuit.

### B. The Court Should Deny Permissive Intervention Because Proposed Intervenors Are Adequately Represented, Present Duplicative Arguments, and Will Complicate These Proceedings by Adding Time, Expense, and Extraneous Issues.

A party seeking permissive intervention under Rule 24(b)(1) must satisfy three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."[8] Even if an applicant satisfies these conditions, courts retain discretion in deciding motions for intervention.[9]

In exercising this discretion, Ninth Circuit courts "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties."[10] District courts may also consider "whether parties seeking intervention *will significantly contribute* to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."[11] Courts in the Ninth Circuit have routinely denied permissive intervention when (as is the case here)

---

[8] *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

[9] *Id.*

[10] *Id.*

[11] *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (citing *Hines v. Rapides Parish Sch. Bd.*, 479 F.2d 762, 765 (5th Cir.1973)) (cited by *S.F. Baykeeper v. United States Fish & Wildlife Serv.*, No. 21-cv-02566-JCS, 2021 U.S. Dist. LEXIS 147214, at *23 (N.D. Cal. Aug. 5, 2021) (emphasis added).

Case No. 3:24-cv-00161, *State of Alaska v. Haaland*
Plaintiff's Joint Opposition to Motions to Intervene
5 of 10

Case 3:24-cv-00161-SLG   Document 35   Filed 10/14/24   Page 5 of 10

prospective intervenors are adequately represented and will not meaningfully contribute to the resolution of the case.[12]

This case involves the State's challenge to an administrative rule adopted by the Federal Defendants under the Administrative Procedure Act, 5 U.S.C. §§ 701–706.[13] There is no indication that the Federal Defendants will fail to adequately defend their rule.[14] Nor can the Proposed Intervenors make new arguments or assert different grounds to this Court in support of the Federal Defendants' rule. "It is a 'foundational principle of

---

[12] *See, e.g.*, *Ctr. For Biological Diversity v. U.S. E.P.A.*, No. C13-1866JLR, 2014 U.S. Dist. LEXIS 20623, 2014 WL 636829, at *9 (W.D. Wash. Feb. 18, 2014) (denying permissive intervention because proposed intervenors failed to demonstrate that Federal Defendants were "incapable or unwilling to make all available arguments in support of their common objectives, or that the applicants will contribute some element *necessary* to the adjudication of this case that would otherwise be omitted") (emphasis added); *SurvJustice Inc. v. Devos*, No. 18-cv-00535-JSC, 2019 U.S. Dist. LEXIS 54613, at *22 (N.D. Cal. Mar. 29, 2019) (denying permissive intervention because the proposed intervenors were adequately represented by existing parties and shared the same objectives); *Hallco Mfg. Co. v. Hallstrom*, 161 F.R.D. 98, 103 (D. Or. 1995) (denying permissive intervention where prospective intervenors offered no concrete additional contribution to the case); *Wilderness Watch v. Jackson*, No. 1:23-cv-295-CWD, 2023 U.S. Dist. LEXIS 209309, at *13 (D. Idaho Nov. 20, 2023) (denying permissive intervention because state's goals encompassed intervenor's interests); *United States v. California*, No. 2:18-cv-490-JAM-KJN, 2018 U.S. Dist. LEXIS 94661, at *20 (E.D. Cal. June 4, 2018) (denying permissive intervention because "there is no reason to doubt that California will not fully, vigorously and adequately represent their interests in this litigation" and also because "the addition of Intervenor-Defendants to this lawsuit will contribute little to resolution of the claims").

[13] *See generally* Docket 1 (Complaint).

[14] *See generally* Docket 12 (Defendants' Answer).

Case No. 3:24-cv-00161, *State of Alaska v. Haaland*
Plaintiff's Joint Opposition to Motions to Intervene
6 of 10

Case 3:24-cv-00161-SLG   Document 35   Filed 10/14/24   Page 6 of 10

administrative law' that judicial review of agency action is limited to 'the grounds that the agency invoked when it took the action.'"[15]

In short, the Proposed Intervenors concede that they are aligned with the Federal Defendants and have failed to rebut the Ninth Circuit's presumption of adequate representation by making the required "very compelling" showing of "a *likelihood* that the government will abandon or concede a potentially meritorious reading of the statute."[16] The Proposed Intervenors offer no unique or helpful contribution to this case, given that the case involves a challenge to an agency rule that will be decided based on the administrative record and the rationale given by the agency for the rule's adoption. Consequently, the Court should exercise its discretion and deny Proposed Intervenors' motion for permissive intervention.

### C. If the Court Allows Intervention, Plaintiff Requests Reasonable Limitations on Proposed Intervenors' Participation.

If the court grants the Proposed Intervenors request to participate in this lawsuit, the Court should impose reasonable limitations on the Proposed Intervenors' participation in this suit. Reasonable limitations will guard against prejudicial delay and increased costs and time. State suggests that the Court impose the following restrictions:

---

[15] *Dept. of Homeland Sec. v. Regents of the Univ. of Calif.*, 140 S. Ct. 1891, 1907 (2020) (quoting *Michigan v. EPA*, 576 U.S. 743, 758 (2015)).

[16] *State ex rel. Lockyer*, 450 F.3d at 444.

Case No. 3:24-cv-00161, *State of Alaska v. Haaland*
Plaintiff's Joint Opposition to Motions to Intervene
7 of 10

Case 3:24-cv-00161-SLG   Document 35   Filed 10/14/24   Page 7 of 10

1. Each set of the Proposed Intervenors shall designate one lead counsel who shall have sole authority to participate in and speak for that set of intervenors on case scheduling matters and disputes relating to the administrative record.

2. Each set of the Proposed Intervenors shall file one consolidated merits brief. Each merits brief shall be filed 7 days after the Federal Defendants' merits brief.

3. The Proposed Intervenors shall meet and confer to coordinate their briefing. The Proposed Intervenors shall, to the greatest extent possible, avoid duplication in their merits briefing. The Proposed Intervenors shall limit the factual and procedural background of their merits briefing to solely those topics not addressed in Federal Defendants' merits briefing, and shall not raise grounds for affirming the agency rule that were not raised by the agency when the rule was adopted.

4. Each set of Proposed Intervenors shall be restricted to a single merits brief that must not exceed 15 pages or 4,000 words. If used, word counts must be certified at the end of the document.

## III. CONCLUSION AND RELIEF REQUESTED

The Proposed Intervenors fail to make the required "very compelling" showing that the Federal Government will not adequately represent them. Rather, they concede they are aligned and raise only the *possibility* of divergent interests, not the required "likelihood" of diverging interests. Additionally, the Proposed Intervenors offer no unique contribution

Case No. 3:24-cv-00161, *State of Alaska v. Haaland*
Plaintiff's Joint Opposition to Motions to Intervene
8 of 10

Case 3:24-cv-00161-SLG   Document 35   Filed 10/14/24   Page 8 of 10

to this case. They are prohibited by basic administrative law principles from offering grounds to support the challenged rule that differ from the grounds the Federal Defendants invoked when they adopted the rule. Consequently, the Proposed Intervenors' participation would only serve to duplicate existing arguments, complicate the issues, prolong these proceedings, and increase costs. This court should therefore deny the Proposed Intervenors' request to participate in these proceedings, as numerous Ninth-Circuit tribunals have done in similar circumstances. If intervention is allowed, it should be limited to avoid unnecessary delay and costs.

RESPECTFULLY SUBMITTED this 14th day of October, 2024.

DORSEY & WHITNEY, LLP

By */s/ Norman D. James*
Norman D. James

*Attorneys for Plaintiff*

Case No. 3:24-cv-00161, *State of Alaska v. Haaland*
Plaintiff's Joint Opposition to Motions to Intervene
9 of 10

Case 3:24-cv-00161-SLG   Document 35   Filed 10/14/24   Page 9 of 10

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.4(a)(3), Plaintiffs certify that Plaintiffs' Reply Brief (Doc. 30) uses a proportionately spaced typeface of 13 points and is double-spaced using a Times New Roman font and that the brief contains 1922 words, excluding the sections specified in Local Rule 7.4(a)(4), and does not exceed the 7000 word limit set by this Court's Administrative Appeal Scheduling Order dated April 28, 2023 (Doc. 25).

By <u>*/s/ Norman D. James*</u>

Case No. 3:24-cv-00161, *State of Alaska v. Haaland*
Plaintiff's Joint Opposition to Motions to Intervene
10 of 10

Case 3:24-cv-00161-SLG   Document 35   Filed 10/14/24   Page 10 of 10